

Brandon J. Witkow (SBN 210443)
bw@witkowlaw.com
Cory A. Baskin (SBN 240517)
cb@witkowlaw.com
witkow | baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, California 91364
Tel:   818.296.9508
Fax:   818.296.9510

*Attorneys for Plaintiff*
Lang Van, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANG VAN, INC., a California Corporation,<br><br>            Plaintiff,<br><br>          v.<br><br>BIHACO COMMUNICATION TRADING & SERVICE CORPORATION d/b/a / a/k/a BH MEDIA, a Vietnam Corporation; and DOES 1-10, inclusive.<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff LANG VAN, INC. ("Lang Van" or "Plaintiff") for its complaint against BIHACO COMMUNICATION TRADING & SERVICE CORPORATION d/b/a / a/k/a BH MEDIA ("Defendant" or "BH Media"), and DOES 1-10, inclusive, alleging as follows.

## NATURE OF ACTION

1.      Lang Van brings this action against Defendant BH Media for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et seq., based on BH Media's willful, knowing, and continuing unauthorized distribution and exploitation of thousands of Lang Van's copyrighted sound recordings, musical compositions, and album artwork (collectively, the "Works").

2.      In or about January 2018, Lang Van entered into a Licensing Agreement with BH Media, (hereinafter, the "Licensing Agreement"), which permitted BH Media, for a five-year term, to exploit certain Lang Van Works (hereinafter, the "Content")—including, without limitation, the approximately 5,252 unique sound recordings at issue in this action (the "Infringed Works")—across platforms such as YouTube, Spotify, Meta, etc. as set forth in the Licensing Agreement. And, in or about March 2021, Lang Van subsequently licensed additional Content to BH Media, also for a five-year term, pursuant to a separate Distribution Agreement (hereinafter, the "Distribution Agreement").

3.      Unbeknownst to Lang Van at the time it entered into the Licensing and Distribution Agreements, BH Media's business model appears to have been (and continues to be) predicated on unauthorized exploitation and monetization of third-party content, forcing legitimate rights holders to incur substantial expense and burden to vindicate their rights through litigation. In this regard, the Licensing and Distribution Agreements served as a "Trojan Horse" for BH Media, enabling BH Media to perpetuate the fiction to digital platforms such as YouTube, Meta/Facebook, Apple Music, Spotify, etc. that it maintained legitimate rights to Lang Van's copyrighted Works even after the expiration of said rights.

4.     As discussed more fully hereinbelow, since January 24, 2023, BH Media has engaged in pernicious and systemic infringement of Lang Van's copyrights in and to the Content by, among other things, manipulating digital copies of the Content to remove and/or alter copyright management information and metadata—in particular, International Standard Recording Codes ("ISRCs") associated with the Content— identifying Lang Van as the rightful copyright owner. This misconduct was and is being undertaken to fraudulently induce digital platforms, including YouTube, Meta/Facebook, Apple Music, and Spotify, as well as rights administrators and distributors, to misdirect substantial royalty revenues away from Lang Van and into BH Media's undeserved coffers.

5.     The ISRC acts as the unique digital identifier for sound recordings, utilized globally by digital service providers and royalty collection societies to track usage, streams, and sales, and to allocate revenue to the proper rights holder. The alphanumeric structure of an ISRC contains a "Registrant Code" that identifies the specific entity responsible for the recording.

6.     Lang Van is the registered owner of the ISRC Registrant Codes **"US-J3V"** and **"QM-9SX"**. Accordingly, Lang Van's sound recordings are properly identified in the digital marketplace by codes beginning with this identifier (e.g., US-J3V-XX-XXXXX or QM-9SX-XX-XXXXX).

7.     Upon information and belief, and supported by internal distribution records obtained by Plaintiff, BH Media knowingly, willfully, repeatedly and without authorization has stripped the original ISRCs from Plaintiff's sound recordings and replaced Plaintiff's codes with new ISRCs containing Defendant's own Registrant Code, **"VN-A0F"**.

8.     The alteration of these codes serves no legitimate administrative purpose. Rather, by unilaterally applying the **"VN-A0F"** code, Defendant has effectively created a false digital identity for Plaintiff's Content. This alteration was and is calculated to:

(a)    Conceal Defendant's continued exploitation of Plaintiff's Content following the termination of the License Agreement;

(b)    Circumvent automated content identification systems that would otherwise flag the Content as belonging to Plaintiff; and

(c)    Divert to Defendant royalties and streaming revenue from the Content that properly belong to Plaintiff

9.    For example, and without limitation, an analysis of a distribution spreadsheet concerning the Content provided to Plaintiff by Meta/Facebook in or around September 2024 shows that, during that reporting period alone, BH Media distributed at least 1,191 of the 5,252 Infringed Works at issue in this case via the Meta/Facebook platform using fraudulent ISRCs identifying BH Media as the Content owner instead of Lang Van. The distribution spreadsheet also evidences that, in addition to creating and passing off fraudulent ISRCs, BH Media was falsely claiming ownership rights to another 2,009 of the Infringed Works despite the fact that those particular tracks still contained Lang Van ISRCs and despite the fact that the Licensing Agreement had long since terminated. Such unlawful machinations triggered irreconcilable "conflicts" on the platform that prevented Lang Van from exploiting 3,202 (1,191 + 2,009) of its own duly copyrighted Works. Because of these "conflicts", Lang Van was barred from posting this Content on company social media pages and sharing its own Content via links across Meta/Facebook and other social media platforms, thereby costing Lang Van many thousands of dollars in lost royalties.

10.    Lang Van is informed and believes that, as part of its copyright manipulation scheme, BH Media often unlawfully distributes the same song recording with two different ISRC codes, one using the "correct" code identifying the rightful copyright owner (such as Lang Van in this case) and the other falsely identifying BH Media (or one of its affiliates) as the owner. Why? Because the track tied to the "correct" ISRC codes is used to report back to lawful content owners such as Lang

3

**COMPLAINT**

Van and show just enough profit generation to allay the content owner suspicions, while, at the same time, BH Media secretly reaps all direct royalties tied to the fraudulent ISRC.

11.     Plaintiff is informed and believes that Defendant has even gone so far as to create a sham music label known as "SOXO" and myriad sub-labels under this SOXO banner to further its piracy scheme. Specifically, in addition to regularly swapping out Defendant's ISRC codes for its own, Defendant also (and/or alternatively) creates duplicate copies of Plaintiff's copyrighted sound recordings and assigns these unauthorized copies new fraudulent ISRC codes associated with SOXO (and/or a SOXO-affiliated label). Again, the purpose and effect of this scheme is to induce digital music and content platforms and digital rights administrators to mislead and thereby divert revenue from Lang Van to Defendant.

12.     Plaintiff is further informed and believes that Defendant is also nefariously using Multi-Channel Networks ("MCN(s)") to evade YouTube's Content ID scanning and funnel profits away from Lang Van. This structural loophole allows BH Media to re-upload takedown-targeted videos featuring unauthorized Lang Van Content undetected by YouTube and monetize the distribution of these videos through whitelisted MCN channels. For example, after one infringing video is removed, Lang Van has observed BH Media release 20+ versions of that same video using slightly modified metadata to avoid triggering detection via YouTube's Content ID scans. BH Media then falsely reports these videos featuring Lang Van's copyrighted works as being "user-generated" to avoid sync license obligations that would otherwise necessarily redound to Lang Van's benefit as the copyright owner.

13.     Lang Van brings this copyright infringement action not only to vindicate its own rights, but to send a clear and unequivocal message to serial and repeat infringers like BH Media: systematic copyright abuse, digital manipulation, and post-termination exploitation of protected works will not be tolerated and will be met with swift and decisive enforcement of federal law.

**COMPLAINT**

## PARTIES

14.     Lang Van is now, and was at the time of the filing of this Complaint and at all intervening times, a California corporation, having its principal place of business at 15170 Goldenwest Circle, Westminster, CA 92683.

15.     Lang Van is informed and believes that Defendant BH Media is now, and was at the time of filing of this Complaint and at all intervening times, a Vietnamese corporation, having its principal place of business at D12/80 Trung Kinh Street, Yen Hoa Ward, Cau Giay District, Hanoi Vietnam.

16.     Lang Van is informed and believes that BH Media was founded in 2008 and claims to be "one of Vietnam's leading companies in the digital content industry." BH Media purportedly owns multiple popular websites, mobile apps and YouTube video channels which it utilizes to distribute audiovisual content it licenses from content owners, such as Plaintiff. Deviously, however, BH Media also uses these same channels to monetize and distribute content *without* authorization from content owners, such as Plaintiff. BH Media's *unauthorized* distribution of Lang Van's Content is the subject of this action.

17.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant herein named as DOES 1-10, inclusive, are unknown to Lang Van. Lang Van therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Lang Van will amend this pleading accordingly.

18.     BH Media and DOES 1-10 shall hereinafter collectively be referred to as "Defendant(s)" or "BH Media".

19.     Lang Van further alleges that all Defendants, including those sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

20.     Lang Van is informed and believes and thereon alleges that at all times mentioned herein Defendants, and each of them, were the agents, servants and

5

employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION AND VENUE

21. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 as this action is based on federal copyright law, as well as 28 U.S.C. §§ 1121 and 1125 to the extent this action is also (or separately) based upon federal trademark law.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

23. This Court has specific personal jurisdiction over Defendant as Defendant has purposefully directed its willful infringing activities at California and the United States. Indeed, on its own on its own English-language website, https://bhmedia.vn/about-us, BH Media confirms and touts its offices and operations since at least 2020 in "*the US*, Canada, and more." (emphasis added).



24. At all relevant times in and to this action, Defendant was aware that: Lang Van was a California company; the large majority of the musical recordings comprising the Content were produced and recorded in this judicial district; Lang Van's copyright infringement claims arise out of Defendant's activities directed at audiences based in the United States; and the brunt of Defendant's harm by way of its infringing activities is felt in California, given the fact that Lang Van's Headquarters and principal place of business are located in this judicial district and, at all times, these jurisdictional facts are and were well known to BH Media. Among other things, Defendant's principal officer, Binh Nguyen, traveled to Orange County, California to negotiate and execute both the 2018 License Agreement at issue herein, as well as the

6

related 2021 Distribution Agreement with Plaintiff. Defendant has further specifically directed its infringing activities at California and the United States by asserting false claims to U.S.-based companies and platforms such as YouTube, Spotify, Meta/Facebook, AudioSalad, The Orchard, etc., concerning Defendant's purported rights to the Content and by filing its own cross-complaint in the State Court Case (discussed below) alleging contract and tort claims against Lang Van for supposed violations of California laws (including California's Unfair Competition Law, California Business and Professions Code § 17200, *et seq*.). Moreover, the "Governing Law" provision of the Licensing Agreement expressly and exclusively provides that all disputes related to the agreement "will be governed by and construed in accordance with the laws of the State of California, without regard to the principals of conflicts of laws." Similarly, although BH Media's myriad breaches of the Distribution Agreement are not at issue in this action, BH Media's consent in that agreement to the personal jurisdiction of a "court of competent jurisdiction sitting in Orange County, California" memorializes BH Media's knowledge and understanding that its ongoing business relationship with Lang Van is connected and directed to California and the United States. *That* acknowledgment is jurisdictionally significant in *this* action.

## FACTUAL BACKGROUND

### Lang Van's History and Operations

25.    Lang Van is a longstanding Vietnamese music production, media, and publishing company headquartered in Westminster, California, with additional operations in Vietnam and other U.S. and international markets. Founded in 1985, Lang Van is one of the oldest and most influential Vietnamese music companies in the United States and maintains one of the world's most extensive archives of Vietnamese sound recordings, multimedia works, and cultural content spanning decades of artistic expression. It has produced and released thousands of original titles, including recordings by iconic Vietnamese artists, and has played a central role in preserving

7

witkow | baskin

and disseminating Vietnamese musical heritage within the Vietnamese diaspora and beyond.

26.    Lang Van has grown significantly since its inception. Between 2000 and 2005, Lang Van expanded its operations, acquiring multiple Vietnamese music companies including New Castle, Nguoi Dep Binh Duong, Truong Son Duy Khanh, Thuy Anh, Doremi, Angel Dance, Elvis Phuong Production, Thanh Lan Production, Kim Ngan Production, and Thanh Mai Production, among others.

27.    Over the past decade, Lang Van has expanded into content distribution, contracting with various Vietnam-based production companies to distribute their titles internationally.

28.    Lang Van has extensively sought out, negotiated, and obtained, at significant expense and effort, exclusive licenses, including all necessary and appropriate rights and licenses to sub-license, extensive catalogs of musical compositions from prominent Vietnamese composers and artists, including but not limited to their musical compositions, sound recordings, any programming, copyrights and any other content to which the composer owns rights.

29.    At present, Lang Van has the largest library of content of any Vietnamese production company, owning the copyrights to thousands of songs, original video programs and compositions.

30.    Lang Van's mission and cultural significance have been recognized in national and international media. A September 4, 2025 *Woman's World* feature article specifically highlighted Lang Van's role in connecting generations through music and preserving Vietnamese cultural identity through its extensive catalog and community impact. Similarly, in October 2025, *Rolling Stone UK* profiled Lang Van for its stewardship of Vietnamese musical heritage and its efforts to sustain and reintroduce historically significant recordings to new audiences. These and other media accounts reflect Lang Van's enduring importance as a custodian of Vietnamese music and its

**COMPLAINT**

reputation as a cultural institution that transcends entertainment to encompass heritage preservation, community memory, and intergenerational connection.

### BH Media's Pattern of Serial & Willful Infringement

31. In contrast to Lang Van, BH Media is a recidivist infringer who has been repeatedly sued in the United States and Vietnam for the same pattern of conduct: the systematic theft of musical and audiovisual works.

32. ***Repeated Federal Copyright Litigation in the United States***. BH Media is not a first-time offender. It has been the subject of multiple federal lawsuits in the Central District of California alleging the exact same *modus operandi* complained of herein:

(a) *Hau Dzuong v. BH Media* (The "Andy Thanh" Litigation):

(i) First Action (2017): *Hau Dzuong (a.k.a. Andy Thanh) v. Oanh Tran, BH MEDIA Media, et al.*, Case No. 8:17-cv-00953-SB-KES (C.D. Cal.). Plaintiff Andy Thanh, doing business as Blue Ocean Music, sued Defendant for willfully infringing copyrights by uploading and monetizing Thanh's catalog of Vietnamese music and comedy programs (e.g., "*Cai Luong*") on YouTube without license or authorization.

(ii) Second Action (2021): *Hau Dzuong v. BH Media*, Case No. 8:21-cv-01608-JVS-DFM (C.D. Cal.). The parties entered into a Settlement Agreement in February 2021 to resolve the 2017 action, wherein BH Media agreed to cease its infringement and "whitelist" the plaintiff's content on YouTube. Despite this agreement, Defendant continued its predatory conduct. As alleged in the 2021 complaint, almost immediately after signing the settlement, Defendant resumed issuing false copyright "takedown" notices against the plaintiff's channels between June and September 2021. This conduct—violating a court-approved settlement to resume infringement—demonstrates that Defendant's disregard for intellectual property rights is willful and incorrigible.

(b)    *LTN Media LLC and Thuy Nga v. Bihaco Communication Trading*, Case No.: 8:24-cv-01153-DMG-MBK (Consolidated with Case No. 8:25-cv-01940) (C.D. Cal.). BH Media is currently defending against allegations of mass infringement brought by Thuy Nga and LTN Media, producers of the iconic *Paris By Night* series. The plaintiffs allege Defendant has systematically exploited their massive catalog of sound recordings and audiovisual works, further evidencing Defendant's strategy of misappropriating high-value Vietnamese entertainment content.

33.    ***International Litigation and Condemnation by Copyright Agencies***. BH Media's infringing conduct extends beyond the United States and has drawn the ire of national copyright bodies in Vietnam.

(a)    *VCPMC Lawsuits (Hanoi People's Court)*: The Vietnam Center for Protection of Music Copyright (VCPMC) has filed at least two lawsuits against Defendant in the People's Court of Hanoi (TAND TP Hà Nội). One lawsuit explicitly seeks damages for Defendant's unauthorized use and infringement of 27 specific musical works protected by VCPMC. A second lawsuit seeks corrections and apologies regarding false statements made by Defendant that harmed VCPMC's reputation, illustrating Defendant's aggressive tactics against rights management organizations that attempt to enforce copyright compliance (Source: https://www.vietnam.vn/en/tranh-cai-ban-quyen-am-nhac-thuc-thi-o-viet-nam-van-tu-mu; https://danviet.vn/thong-tin-moi-nhat-vu-trung-tam-bao-ve-quyen-tac-gia-am-nhac-viet-nam-khoi-kien-bhmedia-d1335424.html).

(b)    BH Media has been publicly accused by VCPMC of obstructing the dissemination of works on digital platforms to force video owners to pay additional royalties, a tactic VCPMC describes as "colliding" with legitimate rights holders (Source: https://www.vietnam.vn/en/tranh-cai-ban-quyen-am-nhac-thuc-thi-o-viet-nam-van-tu-mu).

10

**COMPLAINT**

34. ***Public Controversies and "Copyright Trolling" on Digital Platforms***. BH Media has gained notoriety (or rather, ignominy) for abusing the "Content ID" systems of digital platforms (specifically YouTube) to falsely claim ownership of works it did not create and does not own, a practice widely criticized in Vietnamese media as "using a stick" to bully legitimate artists.

(a) *The "National Anthem" Incident*: Defendant falsely registered the Vietnamese National Anthem (*Tiến Quân Ca*)—a work donated by the composer's family to the people of Vietnam—into YouTube's Content ID system. This resulted in the outrageous censoring of the anthem during a live broadcast of a national soccer match (Vietnam vs. Laos), sparking public outcry and forcing the Ministry of Foreign Affairs to intervene (Source: https://hanoitimes.vn/no-activities-preventing-vietnam-anthem-allowed-hanoi-says-319505.html). The incident confirmed that BH Media claims ownership over works belonging to the public domain or the State, forcing broadcasters to mute their own national anthem to avoid BH Media's automated strikes (Source: https://news.tuoitre.vn/vietnams-national-anthem-muted-in-football-match-aired-on-youtube-over-copyright-concerns-10364597.htm).

(b) *The Giáng Son (Noonday Dream) Incident*: Musician Giáng Son (Christmas Son) publicly accused Defendant of "copyright trolling" after she received a copyright strike on her *own* YouTube channel for her own composition, *Giấc mơ trưa* (Noonday Dream). Defendant claimed ownership of the song based on a separate recording it controlled, utilizing YouTube's automated tools to block the actual composer from monetizing her work (Source: https://znews.vn/dien-bien-vu-ban-quyen-tien-quan-ca-va-giac-mo-trua-post1276277.html). While BH Media claimed the strike was a "mistake" due to automated scanning, the musician asserted she never transferred rights to BH Media, highlighting

11

**COMPLAINT**

Defendant's reckless use of Content ID to claim works it does not own (Source: https://vov.vn/van-hoa/am-nhac/BH_Media-media-phan-hoi-vu-viec-danh-gay-ban-quyen-bai-giac-mo-trua-cua-giang-son-900911.vov).

(c)   *Deceptive Contracting Practices*: As reported in the press, Defendant has been accused of inducing artists, such as musician Bao Chan, to sign ambiguous "digital distribution' contracts. In Bao Chan's case, he alleged BH Media attempted to claim total assignment of his catalog despite his prior authorization to VCPMC, leading him to cancel the contract due to "inconsistencies"   and   "unreasonable   terms"   (Source: https://vov.gov.vn/chieu-tro-xam-pham-quyen-tac-gia-am-nhac-ngay-cang-kho-luong-dtnew-278926).

35.   BH Media's conduct is not accidental; it is a business strategy. From the *Andy Thanh* litigation in California to the *VCPMC* lawsuits in Hanoi, BH Media has proven itself to be a persistent infringer that will continue to misappropriate intellectual property until forced to stop by a Court of law.

### The License Agreement

36.   On or about January 24, 2018, the parties executed that certain License Agreement (the "License Agreement") whereby Plaintiff granted Defendant the exclusive worldwide right to distribute audio and video content on Internet Platforms (the "Digital Distribution Rights") — with certain defined exceptions — from eighteen (18) defined catalogs created, produced, owned and distributed by Plaintiff (the aforementioned "Content"). (*See* sections 1.1 & 1.2 of the License Agreement); *see also* Article 2.h (Defendant "shall use the recordings within the scope of this Agreement only"). In particular, Defendant was permitted to create eighteen (18) channels on YouTube to distribute and monetize on the Content. (*See* License Agreement, at Article 2.c). Article 2.b of the License Agreement further provides that if Defendant desires to use the defined content on any platform "other than YouTube,"

"[it] shall have to [provide] notice to party B [Plaintiff] in writing." A true and correct copy of the License Agreement is attached hereto as **Exhibit 1**.

37.   The License Agreement provided for a five-year term (the "Term"), expiring on January 24, 2023, with no automatic renewal right.

38.   In or about March 2021, Lang Van subsequently licensed additional Works to BH Media, also for a five-year term, pursuant to a separate Distribution Agreement (hereinafter, the "Distribution Agreement").

## The State Court Case

39.   By July 2022, BH Media had committed numerous material breaches of both the Licensing Agreement and the Distribution Agreement. Thus, on July 25, 2022, Lang Van filed suit against BH Media in Orange County Superior Court, Case No. 30-2022-01271713-CU-BC-CJC (the "State Court Case") for breaching these agreements.

40.   BH Media disputed Lang Van's claims that it had materially breached these agreements and asserted that it therefore retained its rights to exploit the subject Content and Works—including the copyrights thereto—through the entirety of the respective five-year terms of each agreement, *i.e.*, until January 30, 2023 for the Licensing Agreement and March 30, 2026 for the Distribution Agreement. Thus, in an abundance of caution in the event that its claims against BH Media for copyright infringement were not deemed ripe until after the January 24, 2023 expiration of the five-year term of the Licensing Agreements, Lang Van elected not to assert such copyright claims or other federal question claims at the time it filed the State Court Case.

41.   To be clear, BH Media's breaches of the License Agreement and Distribution Agreement were—and continue to be—egregious, systemic, and (notwithstanding BH Media's disingenuous protests to the contrary) incontrovertible. But these *state law* claims are already being litigated in the State Court Case and thus are NOT at issue in this new *federal* case.

### **BH Media's Violations of Federal Law**

42. In *this* case, Lang Van seeks injunctive relief, and compensatory and/or statutory damages and attorneys' fees against BH Media based exclusively upon BH Media's violation of *federal* law—*i.e.*, the Copyright Act—through its unlawful exploitation of thousands of Lang Van's copyrighted sound recordings formerly subject to the Licensing Agreement *after* the January 24, 2023 termination date of the License Agreement. Accordingly, this action must proceed independently and without delay, irrespective of the pendency of the State Court Case. [1]

43. Indeed, upon the License Agreement's termination—*i.e.*, by no later than January 25, 2023—Defendant's license to "use and exploit" the Content on the Internet platforms listed in Article 2(a) of the License Agreement (aka the aforementioned Digital Distribution Rights") unequivocally expired. Accordingly, by no later than January 25, 2023, Defendant was required to immediately cease operation of all YouTube channels and, pursuant to Article 5.5 of the License Agreement, transfer control over such channels to Plaintiff immediately.

44. Instead of complying with these clear obligations to which it expressly agreed, Defendant has chosen to wrongfully retain access to (and change the login credentials for), without limitation, the following channels: Chế Linh Tuyển Chọn: https://www.youtube.com/channel/UC9815rcr0VNFYRpqbF-5PuA, Lang Van Lyrics:

---

[1] The Distribution Agreement expired by its own terms on March 30, 2026. Lang Van has not yet definitively determined whether BH Media is continuing to exploit the Works subject to that agreement after the unequivocal termination of the agreement on the contract termination date (of course, Lang Van believes, and has asserted in the State Court Case, that the Distribution Agreement—like the Licensing Agreement—in fact terminated long before the contractually-specified termination date due to BH Media's material breaches during the term). In the event BH Media is still using the Distribution Agreement Works in any fashion, Lang Van intends to either amend this Complaint to add claims against BH Media for those additional copyright violations or file a separate copyright infringement lawsuit to be related and/or consolidated with the claims in this Complaint.

https://www.youtube.com/channel/UCNmHleTK6D_Ep6g85M8h4-g, Làng Văn Music: https://www.youtube.com/channel/UC7L-eZeLe3aUU-t-Qr5CbAQ, Ca Dao: https://www.youtube.com/c/CaDaoProductions, Thuy Anh Productions: https://www.youtube.com/channel/UCpKbKbV1DP-rko5PomQmuqw, Nguoi Dep Binh Duong: https://www.youtube.com/channel/UCK7ytfzh5U5gpV66tDG1Tiw/featured, Phi Nhung - Mạnh Quỳnh: https://www.youtube.com/c/TrieuTrangOfficial & https://www.youtube.com/channel/UCr6cme5R7Yf5nObFpUF8boA, Tuấn Vũ Phượng Hoàng: https://www.youtube.com/c/TuanVuPhuongHoang & https://www.youtube.com/channel/UCmE-zTMqwtGp-GpePCt_Suw, Hồng Trúc: https://www.youtube.com/channel/UCPJuOc-FR6c1Cumxf9mK_6g, CD Nhạc Vàng Xưa: https://www.youtube.com/c/CDNhacVangXua & https://www.youtube.com/channel/UCybiLY0QpeMlTHRZ-P6JpOQ, Duy Khánh - Tác Giả & Tác Phẩm (Official): https://www.youtube.com/channel/UCxHNip3jNsd9nEZVtJO0CAQ, Elvis Phuong Hai Ngoia: https://www.youtube.com/channel/UChQ-KhdG-_SoarhvvXWU0Lw/featured, Huyền Thoại Nhạc Vàng: https://www.youtube.com/c/HuyenThoaiNhacVang, Kênh Thiếu Nhi: https://www.youtube.com/c/doctruyencotichBH_MEDIAMedia, Nhạc Vàng Hải Ngoại: https://www.youtube.com/channel/UCx-sTaFIts5bAGG81-ZhGcQ, and Nhạc Vàng Trữ Tình: https://www.youtube.com/channel/UC0Ujw9oEpuiB_c5roTEEsWg.[2]

45.    In addition, despite the unequivocal termination of the License Agreement requiring Defendant to cease using and/or distributing the Content

---

[2] Plaintiff is informed and believes that Defendant has recently lost access to the following channels: Thuy Anh and Cao Dao. However, during the three-year statutory period preceding this suit, Defendant had utilized these channels along with the others identified hereinabove to infringe Plaintiff's Content and misappropriate the proceeds from such unauthorized distribution without accounting to Plaintiff.

**COMPLAINT**

specified therein, Defendant is continuing to deliberately make the Content available via various distribution channels for its own benefit in violation of Plaintiff's exclusive copyrights.

46.    Attached hereto as **Exhibit 2** is a list of at least **5,252** unique sound recordings owned by Plaintiff formerly subject to the License Agreement that, to Plaintiff's present knowledge, are being distributed and monetized by Defendant on platforms such as YouTube and Meta/Facebook without Plaintiff's authorization (the aforementioned "Infringed Works").

47.    As evident from Column 3, on Exhibit 2, Plaintiff has duly registered each of the Infringed Works with the United States Copyright Office. Plaintiff is thus entitled to the benefits and protections of United States Copyright Law with respect to each such Infringed Work, including, among other things, the exclusive right to exploit each such work and to enjoin all others—particularly expired license-holders such as Defendant—from infringing such rights.

48.    Column 6 on Exhibit 2 includes representative examples of YouTube links evidencing Defendant's willful infringement of certain Infringed Works since the termination of the License Agreement.[3]

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

49.    Lang Van incorporates by reference paragraphs 1 through 48, as if fully set forth herein.

50.    Lang Van is the owner of all of its Content, in particular, the Infringed Works, and possesses a valid registration from the United States Copyright Office for each such work.

---

[3] Numerous URL links evidencing Defendant's infringements are no longer operable. However, Lang Van contemporaneously captured screenshots showing BH Media's infringement of each unlawfully linked Infringed Work, which screenshots will be introduced into evidence in this case.

51. The Infringed Works at issue in this action include the **5,252** separate, distinct, and duly registered sound recordings, each of which is identified in the aforementioned chart attached as Exhibit 2.

52. As of this writing, Lang Van has documented, within the past three-year statutory period, at least/approximately 8,068 separate acts of infringement by Defendant pertaining to the Infringed Works formerly subject to the Licensing Agreement.

53. Defendant does not have any ownership interest in any of Lang Van's Content, let alone the Infringed Works.

54. Without authorization from Lang Van, or any right under the law, Defendant has knowingly, repeatedly, and egregiously violated Lang Van's copyrights in and to the Infringed Works by, among other things, manipulating digital copies of the Infringed Works to remove and/or alter their metadata (such as ISRC codes) identifying Lang Van as copyright owner to fraudulently induce platforms (aka "Official Channels")—such as YouTube, Meta/Facebook, Apple Music, and Spotify—and rights administrators and distributors (aka "Digital Distribution Service Providers")—such as AudioSalad and The Orchard—to mistakenly and/or improperly funnel lucrative royalties from the distribution of the Content away from Lang Van and into BH Media's greedy and undeserving coffers.

55. The foregoing acts of infringement by BH Media have been willful, intentional and purposeful, in disregard of, and indifferent to, Lang Van's rights.

56. Indeed, the Licensing Agreement unequivocally expired, at the latest, as of January 24, 2023, if not well before then, based upon Lang Van's multiple earlier notices of breach and cease and desist letters prior to this termination date. Since then, Lang Van has repeatedly advised BH Media—as well as the Digital Distribution Service Providers and Official Channels—that BH Media has no rights whatsoever in or to the Content, but BH Media has continued to falsely and misleadingly assert otherwise, causing the Digital Distribution Service Providers and Official Channels to

17

COMPLAINT

withhold valuable royalty payments from Lang Van and/or continue to make such payments to BH Media and/or its affiliates.

57.     As a direct and proximate result of BH Media's infringement of Lang Van's Content, Lang Van is entitled to damages as well as BH Media's profits pursuant to 17 U.S.C. § 504(b).

58.     In order to determine the nature and extent of the financial damages it has suffered across all platforms (such as YouTube, Spotify, Apple, Meta, etc.) as a result of BH Media's systemic manipulation of metadata associated with Lang Van's Content, these platforms must provide (via forthcoming third party discovery in this action) the accounting data they each respectively maintain in connection with any and all supposed BH Media content. This includes, among other things, all ISRCs, metadata, label names, distribution channels (including MCN affiliation) and uploader IDs used by BH Media, as well as complete claim and revenue history for any assets supposedly associated with BH Media that share key characteristics (such as track title) with Lang Van's copyrighted Content.

59.     Alternatively, and at Lang Van's election prior to any final judgment being entered, Lang Van is entitled to the maximum amount of statutory damages provided by law, $150,000 per each willful infringement, pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c).

60.     Lang Van is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505.

61.     BH Media's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Lang Van great and irreparable injury that cannot fully be compensated or measured in money. Lang Van has no adequate remedy at law. Pursuant to 17 U.S.C. § 502(a), Lang Van is entitled to a preliminary and permanent injunction prohibiting further infringement of the Content.

/ / /

/ / /

18
**COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Lang Van prays for judgment as follows:

1.      For a preliminary and permanent injunction enjoining BH Media and its respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of Lang Van's Content, in particular, the Infringed Works;

2.      For all damages to which Lang Van may be entitled, including BH Media's profits, in such an amount that is proven at trial;

3.      Alternatively, at Lang Van's election, in lieu of actual damages and profits, statutory damages up to the maximum amount allowable under the law for each infringement pursuant to 17 U.S.C. § 504;

4.      For attorneys' fees and full costs in bringing this action; and

5.      For such other, further and different relief as this Court deems just and proper.

Dated: April 16, 2026                                 witkow | baskin

                                        By: /s/ Brandon J. Witkow
                                              Brandon J. Witkow
                                              Cory A. Baskin

                                        *Attorneys for Plaintiff Lang Van, Inc.*

19

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff Lang Van, Inc. hereby demands a trial by jury of all issues so triable in the present action.

Dated: April 16, 2026

witkow | baskin

By: /s/ Brandon J. Witkow
    Brandon J. Witkow
    Cory A. Baskin

*Attorneys for Plaintiff* Lang Van, Inc.

20
**COMPLAINT**